UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-656-H

JAMIE RAKES                    PLAINTIFF

V.

O'REILLY AUTOMOTIVE, INC.
EDWIN COY                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Jamie Rakes' ("Rakes") Motion to Remand to Jefferson Circuit Court and Defendants' Motion to Dismiss Edwin Coy. Plaintiff argues remand is required because of the absence of complete diversity of citizenship. Defendants O'Reilly Automotive, Inc., ("O'Reilly") and Edwin Coy ("Coy") counter that Coy, the non-diverse defendant, was fraudulently joined to defeat diversity jurisdiction. They argue that the retaliation claim against Coy should be dismissed under Fed. R. Civ. P. 12(b) for failure to state a claim. For the reasons that follow, the Court concludes that remand to Jefferson Circuit Court is appropriate.

I.

Plaintiff was working as a retail sales specialist at O'Reilly Automotive in Louisville, where Coy was a manager, when she became pregnant.[1] She alleges that she informed O'Reilly "officials" that she was pregnant, but that, unlike the treatment given to other pregnant women, the company refused to accommodate her. Plaintiff's complaint further alleges she "complained to O'REILLY and voiced her opposition to O'REILLY about the discrimination, however,

---

[1] These facts are derived from the brief allegations asserted in Plaintiff's complaint, which is the only document in the case that addresses the facts giving rise to Plaintiff's claims.

O'REILLY officials ignored her complaints." Finally, she asserts that "[i]n response to [her] complaints and opposition O'Reilly and Coy wrongfully terminated [her] employment."

## II.

Where the Court's subject matter jurisdiction is premised on diversity of citizenship, the starting point in considering a motion to remand to state court is whether complete diversity exists at the time of removal. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Id.* (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). It is the party seeking to bring the case into federal court, here Defendants, that bears the burden of establishing complete diversity. *Id.* at 493.

On the face of the Complaint, there is not complete diversity in this action. Plaintiff and Defendant Coy are both Kentucky residents. Plaintiff asserts in her Complaint that Coy violated KRS 344.280, which prevents retaliation when an employee has opposed unlawful employment discrimination. However, Defendants contend that Coy was fraudulently joined because the Complaint fails to state a claim against Coy.

Fraudulent joinder of non-diverse parties will not defeat the Court's removal jurisdiction. *Coyne*, 183 F.3d at 493. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* This is not an easy burden for the removing party to meet. As the Sixth Circuit explained,

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district

> court must resolve "all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party." . . . All doubts as to the propriety of removal are resolved in favor of remand.

*Id.* (quoting *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Only one of Plaintiff's claims against the non-diverse defendant need be viable under state law to require this Court to remand the entire case. Here, the relevant claim is retaliation.

For Plaintiff to state a retaliation claim against Coy, Plaintiff must establish that Coy violated the provisions of KRS 344.280, which makes it unlawful for a person, or two or more persons to conspire:

> (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding, or hearing under this chapter; or (2) To aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this chapter; or (3) To obstruct or prevent a person from complying with the provisions of this chapter or any order issued thereunder...

KRS 344.280 (1-3).

Defendants argue that Plaintiff's Complaint does not allege that Coy knew Plaintiff's complaints were based on pregnancy discrimination, or that he was involved in any way in refusing to accommodate her. It is true that the only factual allegation specifically naming Coy merely states that "[i]n response to Rakes' complaints and opposition O'Reilly and Coy wrongfully terminated Rakes' employment." However, even a "colorable basis" for predicting Plaintiff could recover from Coy would require this Court to remand the action to state court. *Coyne*, 183 F.3d at 492 (citation omitted). Here, Plaintiff's Complaint does not completely foreclose the possibility that she properly complained to Coy about her pregnancy, or that he was involved in altering her employment environment or refusing to accommodate her. Because

3

there is some possibility that Plaintiff can assert a claim against Coy, this Court is required by law to remand the case to the Jefferson Circuit Court. This conclusion makes Defendants' Motion to Dismiss Coy moot.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court. Defendants' Motion to Dismiss is moot.

cc: Counsel of Record